# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIA WILSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>INVESTORS BANK,<br><br>      Defendant. | Civil Action No.: 20-cv-02551<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Claudia Wilson ("Plaintiff"), through her undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendant Investors Bank ("Defendant"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. This action seeks to redress Defendant Investor Bank's ("Defendant") systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied.

2. N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 require that mortgagees like Defendant present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principal and interest due on a mortgage. The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1,000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor

for $1,500.

3. These statutes are crucial mechanisms by which New York State ensures that the acquisition and transfer of real property occurs with efficiency and reliability.

4. Accordingly, Plaintiff brings this putative class action on behalf of herself and all other similarly situated persons, and seeks compensatory damages from Defendant.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because the real property at issue is located in this District, and a substantial part of the events or omissions that give rise to this action occurred in this District.

## PARTIES

7. Plaintiff Claudia Wilson is a citizen of New York who resides in Staten Island, New York.

8. Defendant Investors Bank is a full-service bank with its principal place of business at 101 John F. Kennedy Parkway, Short Hills, NJ 07078. Defendant provides mortgages in at least New York and New Jersey.

## OPERATIVE FACTS

9. One of the unfortunate consequences of the consolidation of the banking industry is that banks frequently fail to comply with their obligations to timely file mortgage satisfactions. Indeed, mortgage satisfactions are often filed months, if not years, after they are due, and

sometimes not at all.

10. This is no mere procedural transgression. Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by mortgagees who fail to timely present mortgage satisfactions. However, there is a real possibility that a large loss by a title company as a result of the widespread failure of banks to timely present mortgage satisfactions may disrupt the entire system for transferring residential property in New York State. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale. Likewise, the failure to timely record a satisfaction can impair the mortgagor's credit and ability to secure a future loan.

11. To address lenders' failure to present mortgage satisfactions in a timely manner, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 in 2005 to impose progressively higher penalties upon mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days. Such penalties amount to $500 after 30 days, $1,000 after 60 days, and $1,500 after 90 days under each statute.

12. Plaintiff obtained a home equity line of credit ("HELOC") mortgage from Defendant (the "Investors HELOC Mortgage"). Plaintiff secured the Investors HELOC Mortgage with a recorded mortgage in favor of Defendant on her property at 627 Correll Avenue, Staten Island, New York 10309 (the "Staten Island Property"). The Promissory Note and Mortgage associated with said loan are collectively referred to as the "Investors HELOC Mortgage." The Investors HELOC Mortgage was recorded in and for the county of Richmond, State of New York.

13. On March 9, 2020, Plaintiff satisfied all principle, interest and other amounts due under the Investors HELOC Mortgage by good and sufficient funds. *See* Exhibit A (Email Chain Between Plaintiff and Investors Bank). On March 13, 2020, Defendant confirmed that the loan had been closed. *Id.*

14. Defendant was the mortgagee for the mortgage of record on Plaintiff's real property in Staten Island, New York. at the time all principal, interest and other amounts due under the Investors HELOC Mortgage was tendered to Defendant, thereby satisfying the Investors HELOC Mortgage.

15. In a letter dated March 30, 2020, Defendant acknowledged to Plaintiff that the Investors HELOC Mortgage had been paid in full. The letter also stated:

> Please be advised that the mortgage cancellation will be prepared and sent to the register of deeds for recording in accordance with regulatory guidelines. The recording of the document does take some time to complete; we appreciate your patience while this final step takes place.
>
> Recording the mortgage cancellation fulfills our legal obligation to acknowledge that your loan has been satisfied. This process also makes it a matter of public record that your loan has been paid in full and we no longer maintain any interest in the property with respect to this loan.

Exhibit B (Investors Letter to Plaintiff) (emphasis removed).

16. Nonetheless, as of the date of this Complaint, the satisfaction of mortgage has still not been recorded with the Richmond County Clerk's office.

17. Thus, Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principal and interest was paid on the Investors HELOC Mortgage.

18. The Richmond County Clerk's office records satisfactions of mortgages

expeditiously upon filing and payment of the satisfaction recording fees.

19. Upon information and belief, Defendant has failed to timely file mortgage satisfactions in thousands of instances.

## **CLASS ACTION ALLEGATIONS**

20. Plaintiff seeks to represent a class defined as:

> All persons who were the mortgagor party to a mortgage for which Defendant was a mortgagee that was secured by real property located in New York State and for which the authorized principal, interest and any other amounts due or otherwise owed by law was actually made after March 20, 2014 but Defendant failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded. Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

21. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number are in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

22. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to timely present certificates of discharge or satisfactions of mortgage; (b) whether Defendant violated N.Y. Real Prop. Acts. Law § 1921; and (c) whether Defendant violated N.Y. Real Prop. Law § 275.

23. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful

conduct, based upon Defendant's failure to timely present certificates of discharge or satisfactions of mortgage.

24. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.Y. Real Prop. Acts. Law § 1921
### (On Behalf Of The Class)

26. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

27. N.Y. Real Prop. Acts. Law § 1921 provides that:

> After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made, and in the case of a credit line mortgage … on written request, a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

28. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Acts. Law § 1921.

29. On March 12, 2020 Plaintiff sent an email to Defendant seeking confirmation that the Investors HELOC Mortgage had been closed. *See* Ex. A. On March 13, 2020, Defendant confirmed that the Investors HELOC Mortgage had been closed via reply email. *See id.* On March 30, 2020, Defendant represented by letter that it would record the satisfaction of mortgage in order to "fulfill[] [its] legal obligation to acknowledge that your loan has been satisfied."

30. Here, Defendant failed to present a certificate of discharge or satisfaction of mortgage in recordable form within thirty days upon which the full principal and interest was paid on the Investors HELOC Mortgage, as evidenced by the fact that the satisfaction of mortgage for Plaintiff's Investors HELOC Mortgage has still not been recorded as of the date of this Complaint.

31. By reasons of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law § 1921.

32. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover: (i) $500 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within thirty days upon which the full principal and interest was paid on the mortgage, (ii) $1,000 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within sixty days upon which the full principal and interest was paid on the mortgage, and (iii) $1,500 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within ninety days upon which the full principal and interest was paid on the mortgage, and to recover costs and reasonable attorneys' fees.

**COUNT II**
**Violation of N.Y. Real Prop. Law § 275**
**(On Behalf Of The Class)**

33. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

34. N.Y. Real Prop. Law § 275 provides that:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of

discharge for recording within sixty days and shall result in the
mortgagee being liable to the mortgagor in the amount of one
thousand five hundred dollars if he or she fails to present a
certificate of discharge for recording within ninety days.

35. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

36. Here, Defendant failed to present a certificate of discharge or satisfaction of mortgage in recordable form within thirty days upon which the full principal and interest was paid on the Investors HELOC Mortgage, as evidenced by the fact that the satisfaction of mortgage for Plaintiff's Investors HELOC Mortgage has still not been recorded as of the date of this Complaint.

37. By reasons of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275.

38. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover: (i) $500 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within thirty days upon which the full principal and interest was paid on the mortgage, (ii) $1,000 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within sixty days upon which the full principal and interest was paid on the mortgage, and (iii) $1,500 for each Class Member whose mortgage satisfaction was not presented for recording by Defendant within ninety days upon which the full principal and interest was paid on the mortgage, and to recover costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.  Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C.  Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D.  Permanently enjoin Defendant from engaging in the unlawful conduct set forth herein; and

E.  Grant any and all such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: June 8, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: fklorczyk@bursor.com

*Attorneys for Plaintiff*